Opinion of the Court, by
Judge Owsley.
Jameson, having purchased from Houston a tract of land, gave his obligation to pay therefor in different instalments. Jameson then sold the land to Shipp, and took from him two obligations to secure the price agreed on for the land. Suits were brought by Jameson on these bonds, and judgment obtained for $1,411 21 debt and costs. Shipp, having purchased the debt due Houston by Jamieson, brought suit and recovered judgment for $466 17, debt and costs, on account of the second instalment on the bond; and, claiming a further sum from Jameson on account of the last instalment, exhibited his bill in chancery, with an injunction, to be relieved against the judgments at law recovered against him by Jameson.
In the progress of the cause, the court below made an order appointing auditors to adjust the accounts; but afterwards discharged that order, and pronounced a decree making the injunction perpetual for $1,021 73, and dissolved the injunction as to the residue, with damages, &c. To reverse this decree, Shipp has prosecuted this writ of error with supersedeas.
Some of the assignments of error question the propriety of the proceedings in discharging the order appointing auditors, and making a decree without an adjustment of the accounts by auditors. It will not be denied, but the chancellor, in a contest involving complicated accounts, may commit the accounts to auditors, for their adjustment; but it is clear, a decree made *191 without a reference of the accounts to auditors, if in other respects correct, will not, for that cause, be reversed; and consequently, it is not an available objection to the decree in this case, that the order appointing the auditors was set aside, and no adjustment of the accounts made by them.
Decree affirmed, with costs and damages.